Andrew Rick LOPEZ, Plaintiff—
Appellant,

v.

F. YAMAT; et al., Defendants—
Appellees.

No. 09–15676.

United States Court of Appeals,
Ninth Circuit.

Submitted March 16, 2010.*

Filed March 29, 2010.

Andrew Rick Lopez, Corcoran, CA, pro se.

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Andrew Rick Lopez, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that more than forty defendants violated his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Dominguez v. Miller (In re Dominguez),* 51 F.3d 1502, 1508 n. 5 (9th Cir.1995) (dismissal under Fed.R.Civ.P. 8(a)); *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1064–65 (9th Cir.2004) (dismissal after plaintiff indicates intent to stand on complaint). We affirm.

The district court properly dismissed the action because Lopez's First Amended Complaint did not comply with Rule 8 of

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 8(a)(2) (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir.1996) (explaining that a complaint must set forth simple, concise, and direct averments indicating "which defendants are liable to plaintiffs for which wrongs").

The district court did not abuse its discretion by denying Lopez's requests for appointment of counsel because Lopez failed to demonstrate exceptional circumstances warranting appointment of counsel. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

Lopez's remaining contentions are unpersuasive.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.